No. 11-1674 – *State of West Virginia v. Christopher Wayne Bowling*

**FILED**

**October 8, 2013**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, dissenting:

The majority opinion holds that the prosecutor erroneously introduced into evidence five different inadmissible statements, three of which were constitutional errors. Again and again, the majority opinion demonstrates that this mess of a trial was dominated by inadmissible evidence. Yet the majority opinion somehow concludes that the parade of inadmissible evidence was harmless, and that the defendant got a fair trial.

It all reminds me of the trial in *Alice in Wonderland*, with the Queen demanding that the accused be "Sentence[d] first – verdict afterwards." By the majority's measure, I guess the Sanhedrin gave Jesus Christ a fair trial.[1]

Conveniently, the majority opinion does not discuss the cumulative effect of the stream of inadmissible evidence as it eroded the fairness of the accused's trial. We have repeatedly held that:

> Where the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error.

Syllabus Point 5, *State v. Smith*, 156 W. Va. 385, 193 S.E.2d 550 (1972).

---

[1] I suggest, though, that if this prosecutor had been around 2000 years ago, she might have had difficulty finding prior bad acts to admit before the Sanhedrin under Rule 404(b).

1

In addition, the trial court held a pre-trial hearing to consider Rule 404(b) bad character evidence in open court, with the press present. I believe in freedom of the press and in open courts, but this type of evidence is supposed to be reviewed *in camera*. *Black's Law Dictionary* defines an *in camera* hearing as one "in the judge's private chambers." When the prosecutor uses the press to spill details of an accused's prior bad acts into the public forum, it tends to prejudice the accused's ability to get a fair trial on the present accusation. And the majority opinion bypassed our "book rules" and a century of case law to say that was okay.

A fair trial is one in which the rules of evidence are honored, so that every factual assertion can be fairly challenged.

Under the majority opinion's philosophy, we might as well start future criminal trials with the prosecutor stating, in front of the jury, "bring the guilty S.O.B. in here!"

I dissent. This case is terrible.

2